IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| KEVIN BERNARD PEARSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:17-cv-01136-STA-jay |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

ORDER GRANTING § 2255 PETITION

In 2017, Petitioner Kevin Bernard Pearson filed, through counsel, a motion to vacate, set aside, or correct his sentence (the "Petition"), pursuant to 28 U.S.C. § 2255.  (ECF No. 1.)[1]  For the following reasons, the Petition is **GRANTED**.  A resentencing hearing will be scheduled by separate order in the underlying criminal case.

On April 23, 2004, Pearson entered a guilty plea before the Honorable James D. Todd to one count of possessing a firearm after conviction of a felony, in violation of 18 U.S.C. § 922(g). (*United States v. Pearson*, No. 1:04-cr-10014-JDT-1 (W.D. Tenn.), ECF Nos. 18 & 19.) At the sentencing hearing, Pearson was found to qualify for an enhanced sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), based on four prior Tennessee convictions: third-degree burglary, felonious jail escape, robbery and aggravated assault occurring on the same occasion, and aggravated burglary.[2]  He was sentenced to a 235-month term of

---

[1]      Record citations are to documents filed in the present case, unless otherwise indicated.

[2]      Under the ACCA, a person who is convicted of being a felon in possession of a firearm and who "has three previous convictions . . . for a violent felony or a serious drug offense . . .

imprisonment, to be followed by a three-year period of supervised release. The Sixth Circuit reversed and remanded for re-sentencing under *United States v. Booker*, 543 U.S. 220 (2005). *United States v. Pearson*, 143 F. App'x 662 (6th Cir. 2005). On re-sentencing, the Court again imposed an ACCA-enhanced sentence of 235 months. The Sixth Circuit affirmed. *United States v. Pearson*, 212 F. App'x 504 (6th Cir. 2007).

Pearson filed the Petition on July 14, 2017, along with a memorandum in support. (ECF Nos. 1 & 1-2.) He argued that he no longer qualified for an enhanced sentence under the ACCA based on the Supreme Court's June 2015 decision in *Johnson*, 576 U.S. at 594-606. He maintained that his felonious escape and aggravated burglary convictions are not ACCA predicates. Regarding aggravated burglary, he invoked the Sixth Circuit's then-recent decision in *United States v. Stitt*, 860 F.3d 854 (6th Cir. 2017) (en banc), *rev'd*, 139 S. Ct. 399 (2018). The en banc court in that case held that Tennessee aggravated burglary is not a violent felony under the ACCA. *See id.* at 856.

On preliminary review of the Petition, the Court raised the statute of limitations issue *sua sponte* and ordered Pearson to show cause why the pleading should not be dismissed as untimely.

---

committed on occasions different from one another . . . shall be . . . imprisoned not less than fifteen years[.]" 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year . . . that . . . (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B).

    The phrase "otherwise involves conduct that presents a serious potential risk of physical injury to another" is known as the "residual clause." *Johnson v. United States*, 576 U.S. 591, 593-97 (2015). In *Johnson*, the Supreme Court held that the residual clause is unconstitutionally void for vagueness. *Id.* at 594-606. Therefore, an enhanced sentence under that provision violates due process as guaranteed by the Fifth Amendment. *Id.* at 595-96. The ruling in *Johnson* is retroactively applicable to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1265-68 (2016).

(ECF No. 5.)  Petitioner filed a response to the show-cause order arguing that the Court should, in its discretion, allow the Respondent United States of America to decide whether it would assert the limitations defense.  (ECF No. 6.)  Pearson observed that "responsive filings in pending 2255 petitions in this Court have noted that where a given defendant/petitioner would not qualify under the ACCA pursuant to current case law, the government has chosen not to assert any procedural defenses it may have to the petitions."  (*Id.* at 4-5.)  While the show-cause order was pending, the Supreme Court reversed the Sixth Circuit's holding in *Stitt*.  *See Stitt*, 139 S. Ct. at 406.

On October 5, 2021, this matter was transferred to the undersigned.  (ECF No. 9.)  Ten days later, Petitioner, through counsel, filed a supplemental response to the show-cause order.  (ECF No. 10.)  He acknowledges that his aggravated burglary conviction qualifies as an ACCA predicate after the Supreme Court's decision in *Stitt*.  He maintains, as he did in the Petition, that his felonious escape conviction is not an ACCA predicate.  (*Id.* at 4 ("The government has since conceded that Tennessee convictions for escape no longer qualify as ACCA predicates" (citing *Austin v. United States*, 2020 App. LEXIS 15844, at *2 (6th Cir. May 15, 2020)).)  He also raised the new argument that his third-degree burglary conviction is not a violent felony after the Sixth Circuit's 2018 decision in *United States v. Cradler*, 891 F.3d 659 (6th Cir. 2018).  *See Cradler*, 891 F.3d at 671 (Tennessee third-degree burglary is not an ACCA-qualifying conviction).

The Court ordered Respondent to file a response.  (ECF No. 11.)  On November 1, 2021, the Government filed an answer addressing the arguments made in both the Petition and the supplemental response to the show-cause order.  (ECF No. 13.)  Respondent concedes that

3

Petitioner's third-degree burglary and escape convictions cannot be used to qualify him under the ACCA.  (*Id.* at 2-3 (citing *Cradler*, 891 F.3d at 671; *United States v. Houston*, 187 F.3d 593, 594–95 (6th Cir. 1999) (holding Tennessee escape qualifies as a violent felony under now-defunct residual clause); *Watkins v. United States*, No. 103CR230CLCSKL2, 2015 WL 9587712, at *3 (E.D. Tenn. Dec. 30, 2015) (holding that, because petitioner's escape "conviction could only qualify as a violent felony under the ACCA's residual clause, the *Johnson* decision dictate[d] that it can no longer be used to designate Petitioner an armed career criminal").)  The Government therefore acknowledges that "Pearson has only two qualifying convictions under current law [and] no longer qualifies as an armed career criminal."  (ECF No. 13 at 3.)  Respondent also represents that it "does not seek to enforce a statute of limitations defense in this matter," and "does not oppose Pearson's release from custody, to be followed by his 3-year term of supervised release."[3]  (*Id.*)

In light the relevant case law, the Court finds that Petitioner no longer qualifies as an armed career criminal.  The Government having waived the limitations defense, the Petition is **GRANTED**.  Judgment shall be entered for Petitioner.  A resentencing hearing will be scheduled by separate order in the underlying criminal case.

    **IT IS SO ORDERED**.

    s/ S. Thomas Anderson
    S. THOMAS ANDERSON
    CHIEF UNITED STATES DISTRICT JUDGE

    Date: November 1, 2021

---

[3]    Petitioner's current release date is April 4, 2022.